# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 17-51723 |
| Sharon Sue Leach | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | Judge Hoffman |

## RESPONSE OF CREDITOR STATE OF OHIO DEPARTMENT OF TAXATION TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN ON REAL PROPERTY PURSUANT TO 11 U.S.C. 522(f)(1)(A) [Doc. 36]

Now comes Attorney General Mike DeWine, acting through special counsel duly appointed as provided in Ohio Revised Code Section 109.08, on behalf of Creditor, the State of Ohio Department of Taxation ("DOT"), and responds to Debtor's Motion to avoid its lien against real estate located 4483 Landmark Drive, Groveport, OH 43215, pursuant to 11 U.S.C. 522(f)(1)(A). For the reasons described more fully in the accompanying Memorandum in Support, the Debtor's Motion should be denied.

Respectfully Submitted,
Mike DeWine
Attorney General of Ohio

/s/ Erin M. Dooley
Charles A. Mifsud (0070498)
Special Counsel to the Attorney General
Brian M. Gianangeli (0072028)
Erin M. Dooley (0089092)
THE LAW OFFICE OF CHARLES MIFSUD, LLC
6305 Emerald Parkway
Dublin, Ohio  43016
Telephone:  (614) 389-6357
Facsimile:  (614) 389-2294
Attorneys for State of Ohio,
Department of Taxation

**MEMORANDUM IN SUPPORT**

On July 31, 2017, Debtor filed her Motion seeking to avoid a lien filed by DOT on March 3, 2015, in the Franklin County Common Pleas Court under case number 15 JG 006910. DOT now responds to such motion and asks that it be denied since DOT's lien is not a judicial lien subject to avoidance under 11 U.S.C. 522(f)(1)(A).

In general, three types of liens are recognized by the bankruptcy code: judicial liens, security interests and statutory liens. In re Ramsey, 89 B.R. 680, 681 (S.D. Ohio Bankr. 1988). A judicial lien is one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding," while a statutory lien is one "arising solely by force of a statute on specified circumstances or conditions…." 11 U.S.C. 101(36) and 101(53). Under 11 U.S.C. 522(f)(1)(A), Debtors are permitted to avoid only judicial liens. In re Weaver, 248 B.R. 106, 111 (N.D. Ohio Bankr. 2000).

The lien at issue arose as a result of an unpaid personal income tax assessment owed by Debtor. Pursuant to R.C. 5747.13(C), once an assessment for personal income tax becomes final, the tax commissioner can file the assessment with the clerk of courts in the county where the debtor resides, and such assessment gains the force and effect of a judgment thereby creating a lien on real property as would any certificate of judgment. However, unlike a normal certificate of judgment, the lien is not obtained through any judicial proceeding. The lien arises solely by force of R.C. 5747.13(C), and no judicial action or involvement is required.

The statutory nature of a lien such as this has been addressed by courts before. For example, in In re Schick, 308 B.R. 189 (D. N.J. 2004), the court considered whether the lien of the New Jersey Motor Vehicle Commission could be avoided by a chapter 13 debtor under 11 U.S.C. 522(f)(1)(A). The lien at issue resulted from unpaid motor vehicle surcharges. New Jersey law permitted the Commission to file a certificate in the office of the clerk of the superior courts stating

2

the amount and nature of the debt. Schick, 308 B.R. at 192. The certificate was recorded as a judgment and had the same force and effect as a judgment allowing it to be executed upon and creating a lien on real property. Id. at 192-93. Despite the fact that the certificate was recorded as a judgment and could act as a judgment, the court held that the lien created was statutory and could not be avoided under 11 U.S.C. 522(f)(1)(A):

> the surcharge statute automatically confers to the [Commission] the right to recover unpaid motor vehicle surcharges upon the docketing of the judgment by the Clerk of the Court. Although the statute does not specifically use the word "lien," no judicial action is necessary for entry of the [Commission's] judgment granted under the statute and the consequent creation of a lien by the recording of that judgment. Furthermore, the mere ministerial act of recording the judgment does not change the fact that the right to recovery arises solely by force of the surcharge statute. *The nature of the lien held by the [Commission] is a creature of statute and not one born out of any judicial process or proceeding*…Accordingly, the Court concludes that because the [Commission's] lien arises by force of the surcharge statute, the [Commission's] lien is statutory under 11 U.S.C. § 101(53), and thus cannot be avoided under section 522(f).

[Id. at 195 (emphasis added).]

See also In re Mozingo, 234 B.R. 867, 871 (E.D. PA 1999) (lien of state unemployment bureau for benefit overpayments recorded with county prothonotary, indexed as a judgment and capable of execution held to arise solely by force of statute not subject to avoidance under 11 U.S.C. 522(f)(A)(1)).

So too here. The lien of DOT, while recorded with the clerk of courts as a judgment, arises solely by force of statute without any judicial intervention. Thus, the lien is statutory and not subject to avoidance under 11 U.S.C. 522(f)(1)(A).

WHEREFORE, for the foregoing reasons, DOT asks that this Court deny Debtor's motion to avoid the lien of DOT filed in the Franklin County Common Pleas Court under case number 15 JG 006910.

        Respectfully Submitted,
        Mike DeWine
        Attorney General of Ohio

        /s/ Erin M. Dooley
        Charles A. Mifsud (0070498)
        Special Counsel to the Attorney General
        Brian M. Gianangeli (0072028)
        Erin M. Dooley (0089092)
        THE LAW OFFICE OF CHARLES MIFSUD, LLC
        6305 Emerald Parkway
        Dublin, Ohio 43016
        Telephone: (614) 389-6357
        Facsimile: (614) 389-2294
        Attorneys for State of Ohio,
        Department of Taxation

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served electronically through the Court's ECF system at the email address registered with the Court on the 21st day of August, 2017 upon:

>Office of the US Trustee
>170 North High Street
>Suite 200
>Columbus, OH 43215
>
>Faye D. English
>Chapter 13 Trustee
>10 West Broad Street
>Suite 900
>Columbus, OH 43215-3449
>
>David A Bhaerman
>Law Office of David A. Bhaerman, LLC
>10400 Blacklick Eastern Road, Suite 110
>Pickerington, OH 43147-7702
>
>Adam Bradley Hall
>Manley Deas Kochalski
>P.O. Box 165028
>Columbus, OH 43216-5028

I certify that a copy of the foregoing was served by U.S. mail, postage prepaid, on the 21st day of August, 2017 upon:

>Sharon Sue Leach
>P.O. Box 426
>Groveport, OH 43125

/s/ Erin M. Dooley
Erin M. Dooley (0089092)